**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-02570-NYW-STV

NATALIE ARCHULETA,

     Plaintiff,

v.

AMF BOWLING CENTERS, INC.

     Defendant.

---

### ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

---

This matter is before the Court on Plaintiff's Opposed F.R.C.P 60 Motion for Relief from Judgment Regarding Dismissal of Plaintiff's Sixth Claim for Relief (the "Motion"). [Doc. 81]. Defendant AMF Bowling Centers, Inc. ("Defendant" or "AMF") responded, [Doc. 83], and Plaintiff Natalie Archuleta ("Plaintiff" or "Ms. Archuleta") replied, [Doc. 84]. The Court respectfully **DENIES** the Motion for the reasons set forth herein.

### BACKGROUND

This Court has discussed the background of this case at length in its prior Orders, including its Order on Defendant's Motion for Summary Judgment (the "Order"), *see* [Doc. 79 at 1–3, 5–6], and discusses it here only as it pertains to the instant Motion. In her Amended Complaint, Ms. Archuleta asserted nine claims against AMF, including a claim for strict product liability. [Doc. 34 at ¶¶ 108–18]. AMF moved for summary judgment on all claims, [Doc. 76], and on September 18, 2025, the Court granted in part and denied in part the motion for summary judgment, [Doc. 79]. In relevant part, the Court granted the motion for summary judgment on Plaintiff's claim for strict product liability. [*Id.* at 9–11].

The Court found that Ms. Archuleta relied on the allegations in the Amended Complaint instead of setting forth specific evidence regarding whether the product at issue, i.e. the chicken wings, was defective and inherently dangerous, thereby failing to meet her burden at summary judgment.  [*Id.* at 10–11].

On October 2, 2025, Ms. Archuleta brought the instant Motion requesting that the Court "find that Plaintiff has submitted facts sufficient to create a dispute as to material fact as it pertains to Strict Liability, and reverse its Order as to the Plaintiff's Sixth Claim for Relief."  [Doc. 81 at 3].  Ms. Archuleta argues that she "did not merely rest upon the allegations in the First Amended Complaint . . . but also referenced all the facts previously addressed in the response, which show that the wings were contaminated by shellfish."  [*Id.* (citing Doc. 77 at 19 ("The evidence, as stated in the sections above, which are fully incorporated herein by reference, show that the chicken sold was defective and also that the governmental standards were violated."))].  Thus, Ms. Archuleta contends that the Court's finding "may have been a mistake or an oversight."  [Doc. 84 at 2].

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Under this rule, the court may grant relief if it "has made a substantive mistake of law or fact in the final judgment or order."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

However, relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289

(10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).  This relief "is not properly granted where a party merely revisits the original issues and seeks to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position."  *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quotation omitted).

## ANALYSIS

Ms. Archuleta asserts that the Order "did not appear to consider the evidence presented by the Plaintiff in her Response to the Summary Judgment Motion."  [Doc. 84 at 2].  Ms. Archuleta contends that "she had in fact provided additional evidence, through numerous facts previously stated in the response and incorporated into Plaintiff's Strict Product Liability argument," and she "request[s] that these facts be reviewed as to this dismissed claim."  [*Id.*].

In issuing the Order, the Court did consider the evidence "incorporated into Plaintiff's Strict Product Liability argument."  Respectfully, Ms. Archuleta did not "provide[] ample support" for the strict liability claim, *see* [*id.*], and she failed to direct the Court to evidence sufficient to establish a genuine issue of material fact on the key elements of the claim.

Under Colorado law, "a seller is strictly liable for any product sold 'in a defective condition unreasonably dangerous' to the consumer."  *Ark.-Platte & Gulf P'ship v. Dow Chem. Co.*, 886 F. Supp. 762, 766 (D. Colo. 1995) (quoting Restatement (Second) of Torts § 402A).  The section of Ms. Archuleta's opposition to the motion for summary judgment focused on the strict liability claim is two paragraphs long:

> Defendant provides a blanket argument that injury alone is not sufficient to establish a product was defective or unreasonably dangerous.  "A product is

3

unreasonably dangerous because of a defect in its manufacture if it creates a risk of harm to persons or property that would not ordinarily be expected." CJ:14:3. Whether a product is unreasonably dangerous because of a defect is generally a question of fact to be determined by the trier of fact. *Camacho v. Honda Motor Co., 701 P2d 628 (Colo. App. 1985)* [sic].

There is a rebuttable presumption that a product is defective if the Defendant did not comply with governmental code, regulation, or standards. Plaintiff has alleged that Defendant violated Colorado Retail Food Establishment Rules and Regulations (6 CCR 1010-2 et seq.) which apply to storage, cross contamination, and sanitization. **See Dkt. 34,** Plaintiff's First Amended Complaint, ¶¶ 96–106. The evidence, as stated in the sections above, which are fully incorporated herein by reference, show that the chicken sold was defective and also that the governmental standards were violated.

[Doc. 77 at 19 (emphasis in original)]. Ms. Archuleta argued that she is entitled to a rebuttable presumption that the chicken she consumed was defective "if the Defendant did not comply with governmental code, regulation, or standards." [*Id.*] But nowhere in her brief did Ms. Archuleta cite to a governmental standard or demonstrate that AMF did not comply with it. And while Ms. Archuleta contended that she "stated" evidence in her briefing "show[ing] that the chicken sold was defective," she did not point the Court to any such evidence. *See* [*id.*]. Indeed, Ms. Archuleta's brief did not even use the word "defect" elsewhere, let alone adduce sufficient facts, supported by evidence, to create a genuine issue of material fact that the chicken at issue was defective. And a review of Ms. Archuleta's disputed facts, *see* [*id.* at 6–7 ¶¶ 1–9], does not provide any evidence either to support the argument that the chicken sold to her was "defective" or "inherently dangerous."

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)    Plaintiff's Opposed F.R.C.P. 60 Motion for Relief from Judgment Regarding Dismissal of Plaintiff's Sixth Claim for Relief [Doc. 81] is **DENIED**.

4

DATED:  April 13, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge